UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CONSUMER DATA INDUSTRY ASSOCIATION, | ) ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 1:19-cv-00438-LEW |
| | ) | |
| AARON M. FREY, in his official capacity as Attorney General of the State of Maine, | ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| LINDA J. CONTI,  in her official capacity as Superintendent of the Maine Bureau of Consumer Credit Protection, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>JUDGMENT</u>**

Pursaunt to the Memorandum of Decision and Order entered by U.S. District Judge Lance E. Walker on January 9, 2024,

Judgment is hereby entered for Plaintiff IN PART and for Defendants IN PART as follows:

Title 15 U.S.C. § 1681t(b)(1)(E) does not preempt all state laws relating to information contained in consumer reports. *Consumer Data Indus. Ass'n*, 26 F.4th at 6. Nor does Title 15 U.S.C. § 1681t(b)(1)(E) (incorporating by reference 15 U.S.C. § 1681c) partially preempt Maine's Medical Debt Reporting Act, 10 M.R.S. § 1310-H(4), or its Economic Abuse Debt Reporting Act, *id.* § 1310-H(2-A).

Title 15 U.S.C. §§ 1681c(a)(7) and (a)(8) do not preempt the Medical Debt Reporting Act insofar as they regulate non-veterans' medical debt. *Consumer Data Indus. Ass'n*, 26 F.4th at 14. However, the provisions partially preempt Maine's Medical Debt Reporting Act, such that 10 M.R.S. § 1310-H(4)(A) is ineffectual and unenforceable insofar as it purports to govern the timing of reporting on the medical debts of veterans by a consumer reporting agency described in 15 U.S.C. § 1681a(p) (*i.e.*, a reporting agency that compiles and maintains files on consumers on a nationwide basis).

Title 15 U.S.C. § 1681t(b)(5)(C) partially preempts Maine's Economic Abuse Debt Reporting Act, 10 M.R.S. § 1310-H(2-A). Specifically, when the identity-theft regulation crafted by Congress in 15 U.S.C. § 1681t(b)(5)(C) applies and identify theft is the only method of economic abuse identified by the consumer, the blocking of reporting activity on identity-theft-related grounds must proceed according to federal requirements and state requirements are of no effect. Plaintiff's facial challenge does not support preemption of Maine's Economic Abuse Debt Reporting Act insofar as a consumer's debt is alleged to be the product of economic abuse carried out by means other than or in addition to identity theft.

CHRISTA K. BERRY, CLERK


By: /s/ Michele L. Mitchell, Deputy Clerk


Dated: January 9, 2024