UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CONSUMER DATA INDUSTRY ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) 1:19-cv-00438-GZS |
| AARON M. FREY, et al., | ) ) |
| | ) ) |
| Defendants. | ) |

**JOINT STATUS REPORT AND REQUEST FOR STATUS CONFERENCE**

Plaintiff Consumer Data Industry Association ("CDIA"), and Defendants, Aaron M. Frey, in his capacity as Attorney General of the State of Maine, and Linda J. Conti, in her capacity as Superintendent of the Maine Bureau of Consumer Credit Protection ("Defendants), and pursuant to this Court's email dated October 17, 2025, submit this Joint Status Report and Request for Status Conference with the Court. In support of their request, the parties state as follows:

1. As originally enacted, the Maine medical debt reporting law prohibited consumer reporting agencies from reporting "medical expenses" within a consumer report "when the date of the first delinquency on the debt is less than 180 days prior to the date that the debt is reported," or "[u]pon receipt of reasonable evidence . . . that a debt from medical expenses has been settled in full or paid in full." Me. Rev. Stat. tit. 10, § 1310-H(4)(A) & (B). The original version of the Maine medical debt reporting law further stated: "As long as the consumer is making regular, scheduled periodic payments toward the debt from medical expenses reported to the consumer reporting agency as agreed upon by the consumer and medical provider, the consumer reporting

agency shall report that debt from medical expenses on the consumer's consumer report in the same manner as debt related to a consumer credit transaction is reported." *Id.* § 1310-H(4)(C).

2. While this case was pending on appeal before the First Circuit this summer, the Maine legislature enacted LD 558, titled "An Act to Strengthen Consumer Protections by Prohibiting the Report of Medical Debt on Consumer Reports" ("LD 558"). Unlike the original Maine medical debt reporting law, LD 558 is an outright ban on medical debt reporting by consumer reporting agencies. LD 558 also prohibits medical creditors, debt collectors, and debt buyers from reporting a consumer's medical debt to a consumer reporting agency.

3. LD 558 became effective on September 24, 2025.

4. In light of this change in the law, CDIA filed a Motion to Remand this case to this Court on July 14, 2025. *Consumer Data Indus. Ass'n v. Frey*, Case No. 24-1151. Among other bases, CDIA argued that remand was necessary because, according to CDIA, LD 558 gave rise to new arguments that were not previously raised by CDIA or addressed by this Court, including the argument that the complete ban in LD 558 is preempted by the express preemption provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681t(a), and is further subject to challenge on First Amendment grounds. Defendants disputed that LD 558 gave rise to any claim that CDIA did not have a basis to assert when it first filed its complaint.

5. On September 24, 2025, the United States Court of Appeals for the First Circuit granted CDIA's Motion to Remand.

6. Following remand, this Court emailed the parties on October 17, 2025, asking the parties to confer about a briefing schedule "regarding the issues raised by the recent changes in the law" and to submit a proposed briefing schedule to the court.

7. The parties have conferred in good faith and believe that it is premature to set a briefing schedule in this action. The parties believe that there are additional issues that need to be addressed before a briefing schedule may be set, such as a potential amendment of the operative Complaint.

8. For these reasons, the parties respectfully request that this Court schedule a status conference to be held via teleconference or videoconference to discuss next steps.

Dated October 24, 2025

Respectfully Submitted,

/s/ Jennifer L. Sarvadi
REBECCA E. KUEHN
JENNIFER L. SARVADI
HUDSON COOK LLP
1909 K Street NW, 4th Floor
Washington, DC 20006
(202) 715-2008
rkuehn@hudco.com
jsarvadi@hudco.com

MICAH A. SMART
MURRAY PLUMB & MURRAY
75 Pearl St.
PO Box 9785
Portland, ME 04101
(207) 699-0052
msmart@mpmlaw.com

*Counsel for Plaintiff*

/s/ Christopher C. Taub
Christopher C. Taub, Asst. Atty. Gen.
Six State House Station
Augusta, Maine 04333-0006
Email: Christopher.C.Taub@maine.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of October, 2025, a true and correct copy of the foregoing document was filed electronically via the Court's CM/ECF system causing electronic service upon all counsel of record.

*/s/ Jennifer L. Sarvadi*
Jennifer L. Sarvadi
HUDSON COOK, LLP
